KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General
SCOTT A. SOMMERDORF
Deputy Attorney General
State Bar No. 241747
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 323-3830
Fax: (916) 324-5567
E-mail: Scott.Sommerdorf@doj.ca.gov
*Attorneys for Defendants*
*Employment Litigation*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DIANA BERNHARDT,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION (HIGH DESERT STATE PRISON),**<br><br>Defendant. | Case No. 2:13-cv-01380-KJM-AC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: The Honorable Kimberly J. Mueller<br>Trial Date:<br>Action Filed: July 11, 2013 |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Diana Bernhardt and Defendant California Department of Corrections and Rehabilitation ("the Parties") have, through counsel stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that constitute or contain confidential, privileged, or otherwise protected information; and

WHEREAS, the Parties have stipulated that good cause exists for the entry of a Protective Order to protect against improper disclosure of confidential or protected information produced or disclosed in the above-captioned civil action ("the Litigation").

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1. Definitions: As used in this Stipulated Protective Order, these terms have the following meanings:

(a) "Confidential Information" means information designated in accordance with Paragraph 2;

(b) "Designating Party" means the party or group of parties that designates material or materials as "Confidential Information" and anyone who owns or controls said information, or material controlled to by a non-party to the Litigation that contains Confidential Information;

(c) "Material" or "materials" includes all documents, transcripts, records, and discoverable information (in oral, written, or electronic forms) produced in the Litigation, including without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests made in accordance with the Federal Rules of Civil Procedure and applicable court rules, as well as hearing and trial transcripts, matters in evidence, and any other information furnished directly or indirectly, by or on behalf of any party to this litigation or any third party;

(d) "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A;

(e) "Party" means:

(i.) Diana Bernhardt and her counsel; and

(ii.) California Department of Corrections and Rehabilitation ("CDCR") and all affiliated entities, officers, directors, management employees, human resources and employee relations professionals, finance and payroll personnel, staff counsel, and counsel of record in this action.

(f) "Requesting Party" means the party that requests the disclosure of "Confidential Information."

(g) "Receiving Party" means the party that receives the disclosure of "Confidential Information."

2. Designations.

(a) Designation of Confidential Information or Items Produced by a Party: A party may designate any material "CONFIDENTIAL" for protection under this Stipulated Protective Order where that material constitutes or discloses "Confidential Information." This includes any material that a Designating Party, in good faith, contends constitutes or contains information that is: (a) confidential, sensitive, or potentially invasive of any individual's privacy or protected health information, including medical, psychiatric, and other patient information; (b) personnel information; (c) information which, if disclosed to the public, could be used to compromise the operation or safety of High Desert State Prison or other facilities operated by CDCR; (d) information which contains the identity or picture of inmates in the CDCR system; and (e) other such information that the Requesting Party and non-parties would not have access to but for this litigation.

(b) Given the highly sensitive nature of information which will or may be disclosed in this matter and the potential need for filing CONFIDENTIAL information under seal, an enforceable, Court approved protective order is necessary. Such an order is necessary to permit the parties to submit redacted information to the Court consistent with the needs for protection outlined herein. The categories in the preceding paragraph have a particularized need for protection because: (a) this case involves alleged injury to Plaintiff's psyche and psychiatric treatment of a sensitive nature; (b) this case involves peace officers whose personnel information is entitled to extensive protection under California Law. Disclosure of peace officer personnel information may lead to unnecessary annoyance and harassment to said officers and could also create safety issues; (c) the allegations in this matter involve alleged wrongdoing involving the In Service Training Office at High Desert State Prison. As such, information in this case relates to the operation of High Desert State Prison including training regarding safety practices and

responding to emergency situations. Public knowledge of said practices and responses could compromise inmate, officer, and public safety; (d) some of the training information in this case contains confidential inmate information. Said information, if disclosed to the public, could be used to annoy, harass, or jeopardize the safety of said inmates; (e) disclosure of information regarding the operation of High Desert State Prison or other training information, though not directly implicating inmate, officer, or public safety, could, if disclosed, be used to undermine prison operations or the successful training of CDCR employees.

(c) Confidential Information Received from a Third Party: Any documents, material, or information produced by a non-party to a Party in response to a subpoena in this action may be designated as Confidential Information if said document, material, or information falls within the categories listed in paragraph 2(a) above.

3. Use of Information. All materials containing Confidential Information shall be used solely for the purpose of the Litigation, including any appeal thereof, unless otherwise agreed to, in writing, by a Designating Party, or directed by a court of competent jurisdiction. Prohibited uses of information include, but are not limited to, use of "Confidential Information" for other litigation or disclosure to the media.

4. Access to Confidential Information. In addition to each Party and its counsel, access to any Confidential Information may be provided to the following:

(a) The Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

(b) Counsel of record and their supervisors, associates, legal assistants, paralegals, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to Confidential Information;

(c) Court reporters and videographers retained to transcribe or record testimony in the Litigation;

(d) Outside experts and consultant retained by a Party or its counsel for purposes of the Litigation, including their support, administrative, and clerical staff to the extent necessary to

assist the Party in the Litigation who have signed an "Agreement to Be Bound by Protective Order";

(e) Witnesses in this action who have authored the Confidential Information or have personal knowledge of its contents and do not retain any documents containing the CONFIDENTIAL designation, and who have signed an "Agreement to Be Bound by Protective Order."

(f) Mediators; and

(g) Any other person as to whom the Parties mutually agree in writing, so long as such person signs the "Agreement to Be Bound by Protective Order."

5. Effect of Designation

(a) The designation of information as CONFIDENTIAL shall constitute a representation that an attorney believes that there is a valid basis for such designation. The failure to designate information as CONFIDENTIAL may not be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, privileged, or otherwise sensitive.

6. No person receiving Confidential Information shall transfer, disclose, or communicate in any way the materials or contents of Confidential Information to any person other than those specified in Paragraph 4 and only as specified in this Stipulated Protective Order.

7. Unless the Parties agree in writing to the contrary (by and through their attorneys), each person appropriately designated in accordance with Paragraph 4(d), (e), (f), and (g) to receive Confidential Information shall execute an "Agreement to Be Bound by Protective Order."

8. Use of Confidential Information at Deposition. All depositions or portions of depositions taken in the Litigation that contain Confidential Information may be designated as "CONFIDENTIAL" and thereby obtain the appropriate protections accorded said information under this Stipulated Protective Order. Confidentiality designations for depositions shall be made either on the record or by written notice to all parties within thirty days of receipt of the transcript. The deposition of any witness (or any portion of such deposition) that involves Confidential

Information shall be taken only in the presence of persons qualified to have access to Confidential Information.

9. Inadvertent Failure to Designate Documents. Any party that inadvertently fails to identify Confidential Information as "CONFIDENTIAL" shall correct its failure by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked materials shall make reasonable efforts to retrieve materials distributed to persons not entitled to receive materials with the correct designation.

10. Inadvertent or mistaken disclosure of Privileged Documents, Personnel Information, Inmate Information, Information Protected by Constitutional or Statutory Privacy Rights, or Information that Could be Used to Compromise the Operation or Safety of Any CDCR Institution. The inadvertent or mistaken production or disclosure of any material, document, or thing protected by any privilege or immunity recognized in the United States District Court for the Eastern District of California shall not operate as a waiver of said privilege or immunity. The inadvertent or mistaken production or disclosure of any document or thing which contains personnel information, inmate information, or information that could be used to compromise the operation or safety of any CDCR Institution shall not operate as a waiver of any lawful reason to withhold or redact said document. After learning of the inadvertent production or disclosure of the information discussed herein, the party who made the inadvertent production or disclosure must send to any receiving party a written request for the return or destruction of such documents or things. Said written request shall be accompanied by a proof of service. Upon receiving such a request, the receiving party shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the producing party of such compliance. If the receiving party disclosed the inadvertently produced document or thing before being notified by the producing party, it must take reasonable steps to retrieve the inadvertently produced document or thing.

(a) If the receiving party wishes to contest that any such material, document, or thing is not lawfully withheld, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party. Said notification shall be

accompanied by a proof of service. Within ten days after receiving such notification, or within any other time period as confirmed in writing between the parties, the producing party shall provide to the requesting party a list identifying all such returned documents and things and stating the lawful basis for withholding the document or thing. Within ten days after receiving such a list, or within any other time period as confirmed in writing between the parties, and after the party has attempted to resolve the dispute through a meaningful meet-and-confer effort, the receiving party may file a motion to compel production of such documents or things. If such a motion is filed, the producing party shall have the burden of establishing that the documents or things in dispute are lawfully withheld or protected from disclosure.

(b) With respect to materials, documents, and things subsequently generated by a receiving party, which contain information derived from inadvertently produced documents and things, if the receiving party does not notify the producing party regarding an intention to contest the lawfulness of withholding the underlying document or thing, the receiving party shall immediately destroy or redact the derivative document or thing in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(c) In no event shall the return or destruction of demanded documents be delayed or refused because of a receiving party's objection to the demand or by the filing of a motion to compel. Until and unless such motion to compel is granted, the receiving party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return.

11. Filing "Confidential Information" with the Court. If a party wishes to file material or documents designated "CONFIDENTIAL" with the Court, said party must, no later than fifteen days prior to the date of filing, provide a notice of intent to file a document designated as CONFIDENTIAL to the designating party. Said notice must provide sufficient information to the party that designated the material CONFIDENTIAL to allow said party to seek approval for the filing to made under seal, including but not limited to, the information within the document or material that is relevant to the filing at issue.

If a party wishes to file material or documents designated "CONFIDENTIAL" with the Court, and the filing party did not provide at least fifteen days notice of intent to file CONFIDENTIAL information, all such materials or documents must still be submitted under seal in accordance with applicable Federal Law and Local Rules unless, prior to the filing, the parties agree in writing that said materials or documents need not be filed under seal.

12. Challenges to Designation. Any party may request a change in the designation of documents or things designated "CONFIDENTIAL." Such a request must be in writing and must provide the basis for the request. All such documents or things shall be treated as designated until a change is completed. If the requested change in designation is not agreed to, the party seeking the change may move for appropriate relief after meeting and conferring with opposing counsel. The party asserting that the material is subject to this agreement shall have the burden of establishing that the information in question falls within the definition of "Confidential Information."

13. Use of Independently-Obtained, Unrestricted, Public, or Produced Information. This Stipulated Protective Order shall not impose any restrictions on (a) the use or disclosure by a party of information or material properly obtained by the party independent of discovery or subpoena in the Litigation (even if such material is also obtained through discovery in the Litigation) or (b) a party from disclosing its own confidential information as it deems appropriate.

14. Return or Destruction Upon Termination of the Litigation. Upon the termination of the Litigation, including any appeals, all documents and things designated "CONFIDENTIAL", including all copies of such materials, shall be returned to the Designating Party or at the Designating Party's instruction, destroyed. Any material designated "CONFIDENTIAL" included in any archive of said material shall remain subject to the provisions of this Order. All parties shall certify compliance with this paragraph in writing within ninety days of the termination of the Litigation.

15. Modification of the Stipulated Protective Order. Any party may apply to the Court for a modification of this Stipulated Protective Order and nothing in this Stipulated Protective

Order shall be construed to prevent a party from seeking such modification or otherwise asserting other lawful privileges or protection available under the law.

16. No waiver of claim or defense. No action taken in accordance with this Stipulated Protective Order shall be construed as a waiver of any claim or defense in the Litigation or of any position as to discoverability or admissibility of evidence.

17. Subpoena or Court Order. If a requesting party is served with a subpoena or court order that would compel disclosure of any document, thing, or information designated by a producing party as “CONFIDENTIAL”, then no more than ten days after receiving the subpoena or order, unless otherwise provided by law, the requesting party must: (1) notify the Designating Party, in writing (by fax, email, or personal delivery) of the subpoena or order and include a copy of the subpoena or order with the notification; and (2) inform in writing the party that caused the subpoena or order to issue that some or all of the materials covered by the subpoena are subject to this Stipulated Protective Order. The purpose of these duties is to afford the Designating Party an opportunity to seek protection for its “Confidential Information” in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court. Nothing in this provision authorizes or encourages a party to disobey a lawful directive from any Court.

18. Injunctive Relief. If any person violates or threatens to violate the terms of this Stipulated Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person.

19. Any Party may designate materials CONFIDENTIAL prior to the entry of an order approving this Stipulated Protective Order. Materials so designated will be treated as CONFIDENTIAL throughout the litigation regardless of the date of entry of said order. If this Stipulated Protective Order is rejected by the Court, each Party agrees to meet and confer in good faith to craft a Stipulated Protective Order to replace this order. In the interim, the parties agree to protect CONFIDENTIAL information to the fullest extent possible.

20. The Parties agree that, in conjunction with or independent of the designation of materials CONFIDENTIAL, redactions necessary to prevent the dangers discussed in part 2(b)(b)

above (relating to the personal information of peace officers) may be made to disclosed material prior to the production of said material. Any party may request a change in the redaction of documents or things. Such a request must be in writing and must provide the basis for the request. If the requested redaction is not withdrawn or added by agreement, the party seeking the change may move for appropriate relief after meeting and conferring with opposing counsel. The party asserting that the material is lawfully redacted pursuant to this agreement shall have the burden of establishing that the information in question falls within the definition of "Confidential Information" or is otherwise lawfully withheld.

21. Survival of Protective Order. The obligations imposed by this Stipulated Protective Order shall survive the termination of the Litigation.

Dated: January 21, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General

/S/ SCOTT A. SOMMERDORF
SCOTT A. SOMMERDORF
Deputy Attorney General
*Attorneys for Defendants*
*Employment Litigation*

Dated: January 21, 2014

Respectfully Submitted,

BRYANT WHITTEN, LLP

/s/ Shelley G. Bryant
SHELLEY G. BRYANT, Attorneys for Plaintiff, Diana Bernhardt

**ORDER**

**IT IS SO ORDERED**

**DATED:** February 4, 2014

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I ______________________________ declare that:

I am currently employed by __________________________ located at ________________________________ and my current job title is __________________________.

I have read and believe I understand the terms of the Stipulated Protective Order filed in *Diana Bernhardt v. California Department of Corrections and Rehabilitation*, Case No. 2:13-cv-01380-KJM-AC. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by any court with the authority to enforce the order. I submit myself to the jurisdiction of the United States District Court, Eastern District of California for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

I agree to abide by the terms set forth as follows:

I shall not divulge any material, copies of material, or information gained from material which is designated “CONFIDENTIAL” obtained in accordance with the Stipulated Protective Order, or the contents of such materials, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such materials except for the purposes of the Litigation and in accordance with the terms of the Stipulated Protective Order. As soon as is practical, but no later than thirty days after final termination of this litigation, I shall return any materials in my possession designated “CONFIDENTIAL” to the attorney from whom I received such materials. I shall also return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, indices, and any other document or thing relating to such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___________________ ___________________________________

SA2013112160

11269627.doc